IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES C. WINDING**                                                                    **PLAINTIFF**

**V.**                                                                **NO. 4:25-CV-21-DMB-DAS**

**BURL CAIN, et al.**                                                            **DEFENDANTS**

## ORDER

James C. Winding moves for leave to proceed in forma pauperis in this 42 U.S.C. § 1983 case challenging the conditions of his confinement, and for a hearing on his assertion of "imminent danger." Because Winding's conclusory allegations of past events that place him in imminent danger of serious physical injury are insufficient to warrant in forma pauperis status, in forma pauperis status and his request for an "imminent danger" hearing will be denied.

## I
## Procedural History

On February 11, 2025, James C. Winding, who is currently incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi, filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Burl Cain, Lynn Fitch, Jerrolyn M. Owens, and Roy Percy. Doc. #1 at 2–3, 11. In his complaint, Winding asserts claims under 42 U.S.C. § 1983 on allegations that "each Defendant[] has deprive[d him] of [his] life and liberty[,] conspired together to deprive[ him] of [his] civil rights[ and] violat[ed ]the Ku Klux Klan Act 1871;" and "illegally detain[ed and] restrain[ed him] without legally charging [him]." *Id.* at 4.

The same day he filed the complaint, Winding also filed a pro se motion to proceed in forma pauperis, Doc. #2; and a pro se "Motion to Enforce the Ku Klux Klan Act of 1871 and Requesting a Imminent Danger Hearing (See) MDOC ARP MSP-25-139 Deprived of Liberty Exhibit 'A', A-2" ("Motion for Hearing"), Doc. #4.

## II
## PLRA's "Three Strikes" Provision

28 U.S.C. § 1915(g), commonly referenced as the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under the PLRA, a prisoner with three qualifying dismissals is excepted from its three-strikes bar if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) ("[A] prisoner with three strikes is entitled to proceed with his action … only if he is in imminent danger at the time that he seeks to file his suit or … filed a motion to proceed IFP."). "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.'" *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

To meet the imminent danger requirement, the threat of danger must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice—the harm must be imminent or occurring at the time the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). "[C]onclusional allegations are insufficient to show [that a plaintiff is] under imminent danger of serious physical injury at the time he filed his complaint." *Smith v. Dir., Texas Dep't of Criminal Justice, Corr. Institutions Div.*, 258 F. App'x 632, 632 (5th 2007) (citing *Banos*, 144 F.3d at 885). "To satisfy the 'imminent danger' exception, a complainant must offer specific fact allegations of ongoing serious physical injury, or of a pattern

of misconduct evidencing the likelihood of imminent serious physical injury." *Jackson v. United States*, No. 4:15-cv-696, 2016 WL 1375591, at *2 (N.D. Tex. Apr. 7, 2016) (general complaints about ongoing nature of lack of alleged medical care do not meet imminent danger exception); *see Cain v. Shilling*, No. 799-cv-898, 2001 WL 515263, at *2 (W.D. Va. Mar. 14, 2001) (imminent danger not established when prisoner alleged he did not receive treatment he believed necessary). In determining the application of § 1915(g), a court must consider all actions dismissed as frivolous, malicious, or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

### III
### Imminent Danger Analysis

The present case is Winding's fifth § 1983 action filed in this district,[1] and he has a long history of filing civil rights actions in federal district courts.[2] *See Winding v. Williams*, No. 3:18-cv-736, at Doc. #7 (S.D. Miss. Nov. 1, 2018) (noting "Winding has, on at least 109 prior occasions, brought civil actions in a court of the United States.").[3] Winding has been barred from proceeding in forma pauperis under the PLRA's three-strikes provision for some time[4] but nevertheless has sought to proceed in forma pauperis "in a plethora of lawsuits." *Id.* (citing *Winding v. Buscher*, No. 3:14-cv-270, at Doc. #7 (S.D. Miss. May 6, 2014) ("Even though he accumulated his three-strikes bar in 2010, since that time Winding has filed more than 50 cases in this Court requesting pauper status.")).

---

[1] *See Winding v. Cain, et al.*, No. 4:23-cv-24 (N.D. Miss. Jan. 31, 2023); *Winding v. Reeves, et al.*, No. 4:23-cv-103 (N.D. Miss. May 2, 2023); *Winding v. Reeves et al.*, No. 4:24-cv-50 (N.D. Miss. May 23, 2024); *Winding v. Fitch, et al.*, No. 4:25-cv-14 (N.D. Miss. Jan. 28, 2025).

[2] Winding also filed four habeas actions in this district challenging his Adams County kidnapping and sexual battery convictions and sentences. *See Winding v. McClure, et al.*, No. 3:23-cv-71 (N.D. Miss. Mar. 14, 2023); *Winding v. McClure*, No. 4:23-cv-149 (N.D. Miss. Aug. 1, 2023); *Winding v. McClure*, No. 4:24-cv-17 (N.D. Miss. Feb. 14, 2024); *Winding v. Logan*, No. 3:25-cv-42 (N.D. Miss. Feb. 6, 2025).

[3] *See also* Doc. #1-5 (Winding's acknowledgement that he has filed over 100 lawsuits).

[4] *See Winding v. GEO Grp., Inc.*, 405 F. App'x 938, 940 (5th Cir. 2010); *see also Winding v. Thaggard*, No. 4:09-cv-134 (S.D. Miss. Mar. 17, 2010); *Winding v. Owens*, No. 5:08-cv-158 (S.D. Miss. Apr. 24, 2008).

In 2014, the United States District Court for the Southern District of Mississippi imposed monetary sanctions against Winding for frivolously invoking § 1915(g)'s imminent-danger exception,[5] stating:

> Winding is among the worst abusers of the federal judiciary that this district has seen. As of Fall 2013, he had filed approximately 100 civil actions and hundreds of motions. Many were either frivolous or redundant of other filings. Because he has again filed a frivolous suit and falsely claimed imminent danger, this civil action will be dismissed with prejudice and a monetary sanction of $50.00 will be imposed.
>
> This sanction should come as no surprise. Winding has been warned that his "[c]avalier or disingenuous invocation of the imminent-danger exception will result in additional sanctions."

*Winding v. Buscher*, No. 3:14-cv-270, at Doc. #7 (S.D. Miss. May 6, 2014) (citations omitted).[6] But Winding continued to file actions seeking to proceed in forma pauperis, invoking § 1915(g)'s imminent-danger exception, with most of such requests denied. *See Winding v. Williams,* No. 3:18-cv-736, at Doc. #7 (S.D. Miss. Nov. 1, 2018) (collecting cases).

In countless times in other actions,[7] Winding includes the words "imminent danger" somewhere in his filing. Like his prior § 1983 filings in this district,[8] Winding alleges "imminent danger" as it concerns his present in forma pauperis application, this time in an attachment to his complaint. Doc. # 1-5. Specifically, Winding attached to his complaint a document titled,

---

[5] In 2016, the Southern District of Mississippi sanctioned Winding again for making false statements. *Winding v. Fisher*, No. 3:16-cv-94, at Doc. #17 (S.D. Miss. July 17, 2016).

[6] As mentioned above, Winding's has filed federal habeas corpus actions contesting his state court convictions and sentences. His tactics in those habeas actions led the Fifth Circuit to sanction him on three occasions and bar him from filing any further challenges to his state court convictions and sentences until the sanction was either paid in full or he obtained permission to file. *See In re Winding*, No. 10-61001 (5th Cir. Feb. 23, 2011) ($100 sanction imposed); *In re Winding*, No. 10-60431 (5th Cir. Aug. 3, 2010) ($200 sanction imposed); *In re Winding*, No. 22-90065 (5th Cir. Jan. 10, 2023) ($500 sanction imposed). The most recent Fifth Circuit-imposed sanction prohibited habeas filings by Winding in the Southern District of Mississippi. *Winding v. McClure*, No. 5:24-cv-38 (S.D. Miss. Aug. 8, 2024).

[7] *See Winding v. Williams*, No. 3:18-cv-00736-CWR-FKB, Order [7] at 5; *Winding v. Cain et al.*, No. 4:23-cv-00024-GHD-RP, Order [26] at 5; *Winding v. Reeves et al.*, No. 4:23-cv-00103-DAS, Order [11] at 5 .

[8] *See Winding v. Cain, et al.*, No. 4:23-cv-024-GHD-RP, Doc. # 2; *Winding v. Reeves, et al.*, No. 4:23-cv-103-DAS, Doc. #s 3, 9; *Winding v. Reeves, et al.*, No. 4:24-cv-050-DAS, Doc. #s 3, 8; *Winding v. Fitch, et al.*, No. 4:25-cv-014-RP, Doc. #s 2, 5.

"Petitioner Requests to Proceed Under Imminent Danger Due to the Fact of Label as a Unlawfully Sex Offender and Without Funds to Pay Costs (See) Attached Financial Authorized Officer ILAP Dated 1/18/2025 Please Grant." *Id.* The exhibit alleges various prior assaults, including stabbings which allegedly occurred on October 11, 2004, and August 4, 2022; as well as a "hit in the head with lock&sock" on an unidentified date. *Id.* Winding also complains that he has been placed on different (unidentified) rotations—which he believes was in retaliation for his "filing over (100) lawsuits"—as well as placed on suicide watch and prescribed different anti-psychotic medications. *Id.* Significantly, Winding does not identify the dates or the perpetrators of these alleged incidents; he only contends they occurred "at E.M.C.F," presumably East Mississippi Correctional Facility ("EMCF") located in Meridian, Mississippi.

      Winding's allegations of past assaults perpetuated by unidentified assailants while he was housed at EMCF are insufficient to meet the threshold requirement of imminent danger of serious physical injury. Winding is no longer housed at EMCF, the location where the alleged assaults occurred. More, Winding has consistently argued, as he does now, that his sex-offender status makes him a target for violence but fails to identify any specific impending harm this status poses. Rather, Winding relies on alleged prior assaults he believes resulted from that status, a designation imposed by MDOC almost two decades ago.[9] Allegations of past harm, however, do not satisfy the imminent-danger exception. *Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019); *see King v. Livingston*, 212 F. App'x 260, 262 (5th Cir. 2006) (allegations of past attacks by inmates and prison officials allegedly occurring six weeks before complaint filed insufficient to establish imminent danger).

      In short, Winding has not alleged facts indicating "a genuine emergency" regarding his

---

[9] As noted above, Winding was convicted of sexual battery. Though he believes that conviction was illegally obtained, his sex-offender designation has a justifiable basis.

physical safety. Consequently, he has not shown he is in imminent danger of serious physical injury to support his request to proceed in forma pauperis.

## IV
## Motion for Hearing

Because Winding's Motion for Hearing asserts the same conclusory bases for relief as that in his motion to proceed in forma pauperis—that he is "under imminent danger" and more—the Motion for Hearing will be denied for the same reasons.

## V
## Conclusion

Winding's motion to proceed in forma pauperis [2] and his Motion for Hearing [4] are **DENIED**. Winding must pay the filing fee within twenty-one days from the date of this order. If Winding fails to pay the filing fee within twenty-one days, the Clerk of Court is directed to dismiss this case without further action by the Court.

**SO ORDERED**, this 19th day of February, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**